The opinion of the Qourt was delivered by

Mr. Justice JYott.

The various shifts to which a party will frequently resort to effect the postponement of a case; the perseverance with which one will press for a trial when he finds his antagonist unprepared; the zeal with which. the counsel enter into the feelings of their clients, and the difficulty of getting at the truth when each party is determined to take all advantages of the other, which circumstances may throw in his way; all combine to render a question of postponement one of the most difficult and embarrassing that we -meet with in the administration of justice. And although there are certain general rules by which courts are usually governed; yet among' the infinite variety of circumstances which contribute to render a case an exception to the general rule, almost every one may be resolved into a question of discretion, which must be governed by its own *86 particular circumstances. And there would be no end to delay, if the court were not permitted to exercise a liberal discretion inlaying the parties under such reasonable terms as are calculated to facilitate the progress of a suit and to promote the ends of justice. In the present case, the witnesses were the defendant’s own daughters. That circumstance alone was calculated to excite suspicions that he had not used all the diligence that might have been employed to procure their attendance. It certainly cannot be believed that he did not know what they could prove. But even that was not required of him; he was only required to state wdrat he expected to prove by them, and that was to be received as. if it was actually proved. And surely a person can have no cause to complain when his rights are to be determined on a- statement of facts made out by himself. A question of postponement most generally depends so much upon ilie discretion of the court, that it can seldom afford a ground for a new trial; and the court do not see that such extraordinary rigor has been used on this occasion, as to render this case-an exception to the general rule.
With' regard to the second question, I could never see any good reason why interest should not be allowed on an account for work and labor done,, or goods sold and delivered, or on any? other open account, where the money is withheld after time of payment is past. But the law appears to be otherwise settled. In the case of Alexander Knight vs. Thomas R. Mitchell, 2d Treadway Rep. 668, it was decided, that the plaintiff, who had been the defendant’s overseer, was not entitled to interest, although the defendant had agreed to pay a stipulated sum at the end of the year. And that opinion seems to be conformable with the English decisions on the- same question. For although it might be inferred from the observations of Lord Ellenborough, in the case of De Havilland vs. Bowerbank, 1 Campbell, 50, that interest ought to be allowed in all cases where there is. a contract to pay money on a certain day; yet, in the case of Gordon and others, vs. Swan, and others, 2 same 429, 430, his Lordship observes, that what he said in that case must be taken to refer to written instruments, such as promissory notes and bills-of exchange, which are there put as example^ *87 See also, N. Goodard, ads Chas. fy John J. Bulow, 1 Nott & M'Cord, 44.
It does not appear, however, that the jury have taken the interest as the measure of damages in this case, but that they have allowed an arbitrary sum to double that amount. There is no doubt that damages, at the discretion of the jury, may sometimes be given in an action of assumpsit: As where the action is founded in fraud or deceit; or when a party fails to perform a contract, by which the other party sustains a special damage; or where it is so badly performed as to frustrate en-' -tirely the expectations of the party for Whose benefit it'was Intended. As if the plaintiff, in this instance, had failed to perform any part of his contract, by which the defendant had lost the materials which he had provided for that purpose, or had done the work in such a manner that the house bad been unfit' for habitation. But in no case where the action is for ¡money had and received, goods sold and delivered, or for work and labor performed, which, from the nature of the contract itself furnishes the standard of assessment, are the jury allowed to give more than the amount received, with interest, or the value of the articles delivered, or the services rendered. Rose Rodgers vs. Beatie, 2d Nott & M'Cord, 538.
The other grounds involved questions peculiarly pro-: per for the ‘ consideration of the jury, respecting which the court do not see any reason to be dissatisfied. A new trial, however, must be granted, on the second ground; unless the plaintiff will remit the sum of ‡ 357, which the jury have given as damages; in which case the motion is refused.
Huger, Johnson, CRichardson, Gantt, Justices, concurred,